**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JESSICA DEPETRIS | : | CIVIL ACTION |
| 2101 Woodview Road | : | |
| Finksburg, MD 21082 | : | |
| | : | NO. |
| v. | : | |
| NATIONAL RAILROAD PASSENGER | : | |
| CORPORATION (AMTRAK) | : | JURY TRIAL DEMANDED |
| 1 Massachusetts Avenue, NW | : | |
| Washington, D.C. 20002 | : | |

**COMPLAINT**

1.      The Plaintiff, Jessica DePetris is a citizen of the State of Maryland, residing at 2101 Woodview Road in Finksburg Maryland.

2.      Defendant, National Railroad Passenger Corporation (hereinafter referred to as ("Amtrak"), is a corporation duly organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, with its principal place of business at the above address.

3.      The action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, Sec 51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act".

4.      All the acts alleged to have been done or not to have been done by the Defendant were done or not done by the Defendant, its agents, servants, workmen and/or employees acting in the course and scope of its employment for and on behalf of the Defendant.

5.      The Plaintiff was employed by defendant railroad and was acting in the scope of her employment by the defendant and was engaged in the furtherance of interstate commerce within the meaning of said act.

6.      All the property, equipment and operations involved in Plaintiff's injury were owned and/or under the direct and exclusive control of the defendant, their agents, servants, workmen and/or employees. Defendant has a duty to maintain this property, equipment and operations and to make repairs or replace to avoid unnecessary risk of harm to its employees.

7.      For several years before 2019, Plaintiff was assigned to and worked in Defendant's Baltimore Station located at 1500 N. Charles St., Baltimore, Maryland in the basement level.

8.      During her employment, Defendant failed to maintain the station facilities and allowed it to deteriorate causing holes on the roofs and other unintended water entry points. Defendant further stationed employees in locations not intended or designed as office locations.

9.      Defendant required Plaintiff work in a location with constant water and other leaks which created and/or led to humidity and various molds in the work area and adjoining areas. The water damage and humidity caused damage to paper files maintained on location and electronic equipment to fail as well as repeated mold spore in the air and on the walls, furniture, and paper files.

10.     Defendant was notified of these developments and tested her work areas and other areas of the station. Despite several employees reporting respiratory injuries/illnesses from the cleanup of the water damage and mold development, Defendant continued to order Plaintiff to work in the water damaged and mold damaged area.

11.     On December 30, 2019, Plaintiff was diagnosed with chronic respiratory damage from the constant mold and allergen exposure at her workplace in Defendant's Baltimore Station and her doctors have opined that her respiratory illness was caused in whole or part by the water damage, humidity and mold development in her workplace.

12.     This injury was caused in whole or in part by the negligence, carelessness and recklessness of the defendant and their agents, servants, workmen and./or employees, acting within the scope of their employment, which consisted of the following:

a)      in failing to provide the plaintiff with a safe place to work as required by the Federal Employers' Liability Act Title 45 U.S.C. Secs. 51-60;

b)      in failing to provide adequate respiratory protection;

c)      in failing to maintain the station facility and allowing it to deteriorate;

d)      in failing to comply with the applicable government regulations;

e)      in failing to take any effective action to reduce, modify or eliminate certain job duties, equipment or practices so as to minimize or eliminate cumulative and repetitive mold and allergen exposures;

f)      in failing to periodically test employees such as the plaintiff for physical effects of lung issues, and failing to take appropriate action, including advising the Plaintiff as to the test results.

g)      in failing to warn the Plaintiff of the risk of repetitive lung injuries as a result of exposure to molds and other allergens.

13.     As a direct result of the defendant's negligence, through their agents, servants, workmen and/or employees, the Plaintiff has been unable to attend to her usual duties and occupations, all of which financial loss and all of which may and probably will continue in the future.

14.     As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has been and may continue to be required to receive and

3

undergo medical treatment and medical care and has incurred reasonable and necessary medical expenses, all of which may and probably will continue in the future.

15.     As a direct result of the defendants' negligence, through their agents' servants, workmen and/or employees, the Plaintiff has sustained pain, suffering, inconvenience, stress, and a loss of enjoyment of life and may continue to suffer for an indefinite period of time in the future.

WHEREFORE, Plaintiff claims of the Defendant, a sum in excess of One Hundred and Seventy-Fine thousand dollars ($175,000.00).

**KELLER & GOGGIN, P.C.**

By:     */s/ James M. Duckworth*
        JAMES M. DUCKWORTH, ESQUIRE
        *Attorney for Plaintiff*

4